## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

ERIKA GREER,

    Plaintiff,

v.

NORTHSTAR LOCATION SERVICES, LLC, a New York limited liability company,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Erika Greer, is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Northstar Location Services, LLC, is a New York limited liability company operating from an address at 4285 Genesee Street, Cheektowaga, New York, 14225.

11. The Defendant's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 3025 South Parker Road, Suite 711, Aurora, Colorado 80014.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

16. Sometime before 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Chrysler Financial (hereinafter the "Account").

17. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection (Defendant's account number 1004664841).

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all communication on the Account.

22. In the year prior to the filing of the instant action the Plaintiff received a letter dated March 4, 2010, telephone call(s) and voicemail message(s) from the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant who were attempting to collect the Account.

23. In the year prior to the filing of the instant action the Plaintiff called the Defendant.

24. The telephone call(s), voicemail message(s) and the letter each individually constituted a "communication" as defined by FDCPA § 1692a(2).

25. The Defendant's purpose for these telephone call(s), voicemail message(s) and the letter was to attempt to collect the Account.

26. The telephone call(s), voicemail message(s) and the letter conveyed information regarding the Account directly or indirectly to the Plaintiff.

27. The telephone call(s), voicemail message(s) and the letter each individually constituted a "communication" as defined by FDCPA § 1692a(2).

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

31. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

32. During the communication(s) the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that the Account would be reported to the credit bureaus until it is paid.

33. The representation stated in paragraph 32 was false and was a false representation in connection with the collection of a debt, the Account.

34. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that paying the Account or filing bankruptcy is the only way to get the Account off of the Plaintiff's credit bureau reports.

35. The representation stated in paragraph 34 was false and was a false representation in connection with the collection of a debt, the Account.

36. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that to dispute the Account she had to send in a formal dispute in writing and that she cannot dispute the Account over the phone.

37. The representations stated in paragraph 36 were false and were false representations in connection with the collection of a debt, the Account.

38. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that she had to have supporting documentation to dispute the Account and that the dispute has to be valid.

39. The representations stated in paragraph 38 were false and were false representations in connection with the collection of a debt, the Account.

40. The statements and actions were undertaken by the Defendant and its representative(s), employee(s) and / or agent(s) as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

41. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

42. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5), e(8), e(10) and e(11).

43. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

44. The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

45. The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were willful and intentional violations of the FDCPA.

46. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

47. The representative(s) and / or collector(s) at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

48. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

49. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

50. The representative(s) and / or collector(s) at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

51. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

52. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

53. The previous paragraphs are incorporated into this Count as if set forth in full.

54. The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(5), e(8), e(10), e(11) and § 1692f preface.

55. The Defendant's violations are multiple, willful and intentional.

56. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    405 S. Cascade Avenue, Suite 305
    Colorado Springs, CO 80903
    (719) 473-0006
    Attorney for the Plaintiff